**144**

**Leonard ALVAREZ, Plaintiff–Appellant,**

v.

**RUDDOCK, Corr. Counselor, at Queensboro Correctional Facility, Tucker, Sr. Corr. Counselor, and Mitchell, Dr., Physician at Arthur Kill Correctional Facility, Defendants–Appellees,**

**Docket No. 02–248.**

United States Court of Appeals, Second Circuit.

Sept. 10, 2003.

Leonard Alvarez, Patchogue, NY, pro se.

Melanie L. Oxhorn, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, on the brief), New York, NY, for Appellee.

PRESENT: GRAAFEILAND, MCLAUGHLIN and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals from a judgment of the District Court dated August 22, 2002 dismissing his claims invoking 42 U.S.C. § 1983.

In his complaint, plaintiff sought monetary damages for alleged violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution and the Americans with Disabilities Act of 1990 ("ADA") by defendant prison employees. Plaintiff alleged that defendants committed these violations by terminating him from a work-release program, transferring him from a minimum-security facility to a medium-security facility, and denying his request for cardiac physical therapy.

In a Memorandum and Order dated November 21, 2000, the District Court granted defendants' motions to dismiss plaintiff's claims under Fed.R.Civ.P. 12(b)(6), with the exception of plaintiff's Eighth Amendment claim against defendant Mitchell, which the District Court denied without prejudice to a motion for summary judgment pursuant to Fed.R.Civ.P. 56, in order that the Court may have the benefit of affidavits establishing plaintiff's medical condition.

The District Court found that plaintiff failed to assert that he had a disability that "substantially limits one or more of the major life activities" for the purposes of the ADA. *See Alvarez v. Ruddock,* No. CV–99–5452 (ERK), at 4–6 (E.D.N.Y. Nov. 21, 2000) (applying 42 U.S.C. § 12102(2)). The Court further held under the Fourteenth Amendment that plaintiff had no right to challenge his transfer between prisons, and that he received adequate due process in conjunction with his removal from work release. *See id.* at 9–11. For substantially the reasons stated by the District Court, we agree that plaintiffs' claims should be dismissed.

After further discovery, on August 20, 2002, the District Court issued a second Memorandum and Order granting summary judgment in favor of defendant Mitchell on plaintiff's § 1983 claim under the Eighth Amendment, holding that the submitted affidavits established that "plaintiff's need for therapy was not sufficiently serious to support a 1983 cause of action." *Alvarez v. Ruddock*, No. CV–99–5452 (ERK), at 2 (E.D.N.Y. Aug. 20, 2002). For substantially the reasons stated by the District Court, we agree that summary judgment should be granted in favor of defendant Mitchell.

We have considered all of the plaintiff's arguments. The judgment of the District Court is **AFFIRMED**.